IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL FLOYD WILSON, # 29893**                                   **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:17CV96-KS-MTP**

**WILKINSON COUNTY CORRECTIONAL**
**FACILITY, ET AL.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion [24] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Plaintiff has not responded to the Motion and his time to do so has passed. *See* Order [26]. Having considered the motion, the record, and applicable law, the undersigned recommends that the Motion [24] be GRANTED and this matter be dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff Michael Floyd Wilson, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on or about July 17, 2017. According to Plaintiff, he was assaulted by his cellmate shortly after arriving at WCCF in March, 2017. *See* Complaint [1] at 4. He also complains that the cell doors can only be accessed by a key, not electronically, and that this creates a fire hazard. He also claims he was assaulted by other inmates in a second incident occurring on August 25, 2017. *See* Response [12] at 3. Plaintiff generally claims he is in fear for his life due to these incidents. Finally, Plaintiff claims he has not been provided sufficient outdoor recreation at WCCF. *Id.* at 2.

1

For relief, Plaintiff requests the Court enter an order requiring that he be transferred to another facility. *See* Complaint [1] at 4; Response [12] at 3.

Defendants filed their Motion [24] for Summary Judgment on January 30, 2018, asserting that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his claim. On February 1, 2018, the Court directed Plaintiff to respond to the motion on or before February 22, 2018. *See* Order [26]. The deadline for Plaintiff to respond has passed, and the motion is now ripe for disposition.

## **STANDARD**

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v.*

*Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

Defendants assert that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filing grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all

administrative procedural rules). "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Kelly v. Mgmt. & Training Corp.*, 2017 WL 4284598, at *3 (S.D. Miss. Sept. 27, 2017).

In support of their defense that Plaintiff failed to properly exhaust his claims before filing suit in this court, Defendants offer the sworn affidavit of Janice Williams, an MDOC employee who works as the ARP Coordinator at WCCF. *See* [24-1]. They also submit Plaintiff's grievances he filed while at WCCF. *Id.* In her affidavit, Williams states that Plaintiff filed an

ARP grievance on July 21, 2017, after he filed this lawsuit, asserting that he had been assaulted numerous times while housed at WCCF and that he needed to be transferred to another facility. She states that Plaintiff eventually exhausted the ARP process for this grievance when he received a second step response from Warden Bradley on October 18, 2017. *See* [24-1] at 9.

According to Williams, Plaintiff has not submitted any other administrative grievances since he was transferred to WCCF. As reflected by the documentation submitted by Defendants, Plaintiff did not submit any administrative grievances pertaining to his claim regarding electronic locking of cell doors, nor has he submitted any administrative grievances pertaining to outdoor recreation. According to Plaintiff's ARP file, Plaintiff did not start the ARP process regarding the assault claims or request a transfer through the process until **after** he filed the instant suit, and he did not ever file grievances regarding his other claims. *See* Request for Administrative Remedy and Second Step Response Form [24-1] at 9, 11.[1]

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Wilson did not provide prison officials this opportunity. The record before the Court shows that Wilson did not exhaust the ARP process before he filed suit.

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion

---

[1] The complaint was filed on July 17, 2017, though Plaintiff signed it July 10, 2017. See [1]. The only grievance he filed while at WCCF is dated July 21, 2017.

requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*. Plaintiff has not made such a showing. Here, the ARP process was available and Plaintiff, in fact, was able to file a grievance, but did not exhaust the ARP process before filing suit. Accordingly, the undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendants' Motion [24] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies be GRANTED;

2. This action be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 28th day of February, 2018.

                                                s/ Michael T. Parker  
                                                United States Magistrate Judge